## Isaacs v. Jackson County Board of Education.

(Decided February 10, 1922.)

### Appeal from Jackson Circuit Court.

1. Contracts—Contract of Sale.—A written offer to purchase property accepted by the owner in writing constitutes a contract of sale, and is not invalid on the ground that it is lacking in mutuality of obligation.

2. Schools and School Districts—Contracts—Acceptance of Offer to Purchase Property.—The formal acceptance of an offer to purchase by orders entered on the records of the board of education and knowledge thereof on the part of the one making the offer, with the giving of written notice of acceptance later, completes the contract.

3. Schools and School Districts—Contracts—Acceptance.—Where there is a written offer to purchase a lot and school building and an acceptance of the offer by the board of education by a formal order entered on its records, the purchaser cannot avoid the contract on the ground that the purchase included the furnishings of the school building.

4. Schools and School Districts—Evidence.—Evidence examined and held to warrant the finding of the jury that the contract of sale did not include the furniture in the school building sold.

A. W. BAKER for appellant.

H. F. MINTER for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

On December 8, 1917, the county board of education of Jackson county by order duly entered on its records authorized and directed its chairman, the county school superintendent, to offer for sale the school building and

lot in subdistrict one, division one, of Jackson county, situated in the town of McKee. Pursuant to that authority the county school superintendent advertised the property, describing it by metes and bounds, for sale at the courthouse door on December 17, 1917. It was offered at public outcry, on condition that the board of education reserved the right to accept or reject the bid at its meeting to be held December 27, 1917. Appellant, G. P. Isaacs, having made the highest bid, thereafter on the same day with W. H. Clarke, as surety, executed to appellee a bond in the sum of $561.00, with interest thereon at the rate of 6% per annum from date until paid, which amount he obligated himself to pay for the building and lot, conditioned upon the acceptance of his bid at the meeting of December 27, 1917.

At the meeting on that date, appellee accepted the bid by an order duly made and entered on its records. It does not appear that formal notice of acceptance was given appellants until March 6, 1917, but it does appear that Isaacs had knowledge of the acceptance before that date and had evidenced a disinclination to pay the purchase price or carry out the contract, alleging as grounds therefor that the offer included the furnishings of the school building. After the notice of March 6th, and later on the tendering of a deed, appellant Isaacs refused to comply with the contract; and thereafter this action was instituted, on the writing of December 17, 1917, seeking a judgment against appellants in the sum of $561.00 with interest thereon at the rate of 6% per annum from December 27, 1917, until paid.

Appellants defended on three grounds: (1) That the contract was unilateral and therefore void, (2) there was not an acceptance of the offer of appellants of December 17, 1917, and accordingly no contract was ever entered into, and (3) that appellee had refused to comply with the terms of the contract by refusing to deliver the furniture in the school building, which they claim was included in the property purchased by them.

Judgment having been rendered in the circuit court for the amount claimed in the petition, a reversal is sought on the grounds mentioned.

The offer of sale on December 17, 1917, was subject to the acceptance of appellee at its meeting to be held December 27, 1917. The writing signed by appellants clearly shows the existence of that condition, and must be

treated as a written offer from them, subject to acceptance or rejection by the appellee at its meeting to be held December 27th. It was accepted on that date.

No criticism can be made of the authorities relied on by appellants in pressing their contention that the contract is unilateral as they all state a sound principle of law, to the effect that it is essential to the validity of a contract that it be mutually binding on the parties to it. This contract was not consummated until the offer was accepted December 27th, but it then became effective and thereafter was mutually binding and enforcible as against both parties. The case does not fall within the doctrine announced in Berry v. Frisbie, 120 Ky. 337, and other cases relied on by appellants. Accordingly the first contention is without merit.

It is equally clear that the second contention is untenable. Admittedly an acceptance to become binding on the acceptee must be brought to his notice, but that rule does not vitiate the contract under consideration, for the evidence shows that Isaacs had knowledge of the acceptance prior to March 6, 1917, and on that date received formal notice of it. The offer made by him was accepted at the stipulated time and no attempt was made by him before that date or after it to withdraw the offer. The notice of acceptance which he had was sufficient to complete the contract. (6 R. C. L. 605).

Finally it is insisted for appellants that the sale included the furnishings of the school building, and, inasmuch as appellee refused to make delivery of that part of the property, an action for damages for the breach of the contract is not maintainable. If the facts warranted this position it would be sustained. But the evidence does not support the contention. The offer of appellants was to purchase the school house and lot for $561.00 with interest thereon at 6% per annum from December 27, 1917. It did not include the furnishings in the school building nor did the acceptance refer to them. In addition to this the evidence shows that at the auction it was definitely stated that the furnishings were not included in the property offered. Moreover, that issue was submitted to the jury under proper instructions and the finding was against appellant. On this ground there is no reason for disturbing the judgment of the court below.

For the reasons stated the judgment is affirmed.